IN THE CIRCUIT COURT OF THE<br>
9TH JUDICIAL CIRCUIT IN AND FOR<br>
ORANGE COUNTY, FLORIDA

MARLENE SEGURA,

    Plaintiff,

vs.                                                   Case No.:

HIOSSEN, INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MARLENE SEGURA ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, HIOSSEN, INC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful national-origin-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Osceola County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is an American individual and within a class of individuals protected by the FCRA.

6. Plaintiff started working for the company on or about November 2017 as an administrative assistant.

7. All of Plaintiff's other coworkers were born and raised in Korea. Throughout here employment, Plaintiff was treated less favorably than her Korean coworkers.

8. On or about October 2018, rumors were being spread around the work place of relations between Krystal Stock and David Kwon who are of Korean descent, and Joseph Nguyen who is Vietnamese.

9. Because of these rumors, on or about October 2018, HR stepped in and gave verbal warnings to everyone and declared that an investigation will be done.

10. During the investigation process, without evidence, Krystal Stocks mentioned that Plaintiff showed her inappropriate images of a penis.

11. On or about May 13, 2019, Ms. Stocks accused Plaintiff of not doing her job.

12. A meeting was held with Ms. Stocks, Plaintiff's Korean boss Tony Youn, and Plaintiff.

13. In that meeting Krystal admitted that the accusations were false.

14. About two months after, HR accused Plaintiff of sending pictures of a female genitals through WhatsApp on or about July 30th, 2019 to Krystal Stock.

15. Without justification or a proper investigation, Plaintiff was terminated from her employment.

16. Plaintiff's Korean coworkers were not subject to these kinds of false accusations or unjustified accusations by Defendant's HR department.

17. Had Plaintiff been Korean, she would have received a proper investigation into repeated false accusations and she would not have been terminated.

18. Plaintiff, on or about July 19, 2019, timely filed a Charge of Discrimination alleging discrimination on the basis of national origin with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

19. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination. Throughout his employment Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

### COUNT I
*National Origin Discrimination in Violation of the FCRA*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. Plaintiff is a member of a protected class under the FCRA.

22. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

23. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is American, and more specifically, not Korean.

24. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

25. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

26. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

27. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

28. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

29. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

30. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated September 30, 2020                    Respectfully submitted,


/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005